IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

UNITED STATES OF AMERICA,　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　　　　:　　　　　CASE NO:
　　　　　　　　　　　　　　　　　　　　:　　7:23-cr-76–WLS-ALS
　　　　　　　　　　　　　　　　　　　　:
LAWSON BURGMAN, JR.,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　Defendant.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:

## ORDER

Previously, the Court provided the Parties with notice that based on the Speedy Trial Act deadline, Defendant Lawson Burgman, Jr.'s case was scheduled for pretrial conference on Thursday, May 7, 2026, at 3:00 p.m., and for trial during the Court's Valdosta Specially Set Trial Term beginning May 18, 2026 (Doc. 16). In the event the case is not ready for trial, the Parties were ordered to file a motion to continue at least two days prior to the date of the noticed pretrial conference. (*Id.*) Defendant filed a timely Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 17) ("Motion") to allow his counsel time to receive and review supplemental discovery and to discuss Defendant's case with him. Defense Counsel represents that Government's counsel does not oppose the continuance.

Defendant further states that the ends of justice served by granting the continuance outweigh the best interests of the public and the United States Attorney's Office[1] in a speedy trial, and that the period of delay in continuing the trial **to the beginning of the next term** be excluded under the Speedy Trial Act 18 U.S.C. § 3161. As Defense Counsel is aware, the Court may schedule multiple criminal trials during a term of Court and thus finds that the period of delay in continuing the trial **through the conclusion of the trial term** is excludable under the Speedy Trial Act.

---

[1] To satisfy 18 U.S.C. § 3161(h)(7)(A)-(B), the Court assumes Defense Counsel intended to state that the ends of justice served by granting the continuance outweigh the best interests of the public and the *Defendant* in a speedy trial, and the Court so finds based on the statements in the Motion.

1

Accordingly, based on the Defendant's reasons as stated above and in his Motion and the Court's review of the entire record, the Court finds that a continuance is required for Defense Counsel to effectively prepare for trial. The Court further finds the ends of justice served by granting such continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 16) is **GRANTED**.

The trial in the above-referenced matter is **CONTINUED** to the Court's Valdosta Division **August 2026** Trial Term and its **conclusion**, or as may otherwise be ordered by the Court.

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance would (a) likely result in a miscarriage of justice, and (b) deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The May 7, 2026 pretrial conference is **CANCELLED**.

**SO ORDERED**, this 4th day of May 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**