IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

UNITED STATES OF AMERICA,　　　　　:

     :

  v.　　　　　　　　　　　　　　　　:　　　　　CASE NO:

     :　　　　7:23-cr-76–WLS-ALS

LAWSON BURGMAN, JR.,　　　　　　:

     :

   Defendant.　　　　　　　　　:

---

## ORDER

Before the Court is Defendant's Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 21) ("Motion"). A continuance is needed to allow Defendant's Counsel time to review recently received discovery and to discuss the case with Defendant so as to provide him with effective assistance of counsel. Defense Counsel represents that she conferred with Government's counsel, Sonja B. Profit, who does not oppose the Motion.

Defendant further states that the ends of justice served by granting the continuance outweigh the best interests of the public and the United States Attorney's Office[1] in a speedy trial, and that the period of delay in continuing the trial **to the beginning of the next term** be excluded under the Speedy Trial Act 18 U.S.C. § 3161. As Defense Counsel is aware, the Court may schedule multiple criminal trials during a term of Court and thus finds that the period of delay in continuing the trial **through the conclusion of the next trial term** is excludable under the Speedy Trial Act.

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 21) is **GRANTED**.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Court's Valdosta Division November 2026 Trial Term and its

---

[1] To satisfy 18 U.S.C. § 3161(h)(7)(A)-(B), the Court assumes Defense Counsel intended to state that the ends of justice served by granting the continuance outweigh the best interests of the public and the *Defendant* in a speedy trial, and the Court so finds based on the statements in the Motion.

1

conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance would likely result in a miscarriage of justice and would deny Defense Counsel the reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

        **SO ORDERED**, this 4th day of June 2026.

<u>/s/ W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**