IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **v.** | : | |
| | : | **CASE NO:** |
| **LAWSON BURGMAN, JR.,** | : | **7:23-cr-76–WLS-ALS** |
| | : | |
| **Defendant.** | : | |

## ORDER

On November 13, 2026, Defendant filed a Motion to Suppress (Doc. 29) ("Motion to Suppress"). The Government response thereto is due no later than Friday, December 4, 2026. Upon review of the Motion to Suppress, the Court has determined that a hearing is necessary to resolve the Motion to Suppress.

The Court notes that the trial of this matter has been continued to the Court's Valdosta Division February 2027 Trial Term and its conclusion or as may otherwise be ordered by the Court. In relation to the current proposed trial date, the Court reviewed the Record and considered, the time necessary to fully resolve the Motion to Suppress, including time: (a) for the Government to respond no later than December 4, 2026, and for Defendant to file a reply, if any no later than December 18, 2026; (b) to schedule and hold the evidentiary hearing, (c) to allow post-hearing briefs, if any, that the Parties may desire to file, (d) for the Court to enter its decision on the Motion to Suppress once it is under advisement by the Court (not more than thirty days), and (e) reasonably necessary, in the exercise of due diligence, for the Parties' counsel to consider the effect of the Court's decision on their respective clients and engage in negotiations, if desired, or to effectively prepare for trial.

Upon such review, the Court finds, *sua sponte*, that the ends of justice will be served by continuing the trial of this matter and that such continuance outweighs the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B).

Accordingly, the Court hereby **ORDERS** that:

1. An evidentiary hearing on the Motion to Suppress is scheduled for **Wednesday, January 27, 2026, at 11:00 a.m.**, at the C.B. King United States Courthouse, 201 W. Broad Avenue, Albany, Georgia.

2. The trial in the above-referenced matter is **CONTINUED** to the Court's **May 2027** Valdosta Division Trial Term and its conclusion, or as may otherwise be ordered by the Court.

3. The time lost under the Speedy Trial Act, 18 U.S.C. § 3161,[1] is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(1)(D), (H) for any delay resulting from the Motion to

---

[1] The relevant provisions of the Speedy Trial Act provide:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
>
> . . . .
>
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> . . . .
>
> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Suppress, starting with the date of filing such motion through the conclusion of the hearing on, or other prompt disposition of such motion and/or for a period of no more than thirty (30) days after the Motion to Suppress is actually under advisement by the Court.

4. Furthermore, the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and/or (b) would deny Counsel for the Parties the reasonable time necessary, in the exercise of due diligence, to consider the effect of the Court's decision on the Motion to Suppress on their respective client and to engage in further negotiations, if desired, or effectively prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

5. In the event any Party objects to the continuation of the Trial Term as ordered above, then no later than **Monday, November 30, 2026**, such Party shall file an appropriate pleading and support therefor upon the Record reflecting its objection.

**SO ORDERED**, this 19th day of November 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**